UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
**AISHA WOOTEN**,                                                 :
                                                                  :
                Plaintiff,                                :
                                                                  :   **MEMORANDUM AND ORDER**
        – against –                                       :   22-CV-3401 (AMD) (LB)
                                                                  :
**ASCEND/ALKEM LABORATORIES**,                                    :
                                                                  :
                Defendant.                                :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       On May 27, 2022, the *pro se* plaintiff commenced this action against the defendants in the United States District Court for the Southern District of New York. (ECF No. 2.) On June 9, 2022, the action was transferred to this Court. (ECF No. 4.) On July 13, 2022, the plaintiff paid the filing fee.[1] (ECF No. 8.) I deny the plaintiff's application for *pro bono* counsel. (ECF No. 3.) For the reasons that follow, I dismiss the complaint but give the plaintiff leave to amend the complaint within 30 days.

## BACKGROUND

       The plaintiff, a resident of New York, filed this action against the defendants Ascend Laboratories and Alkem Laboratories, alleging that she "went to the emergency room for pain in [her] arm," and was given "outdated" Ibuprofen from a pharmacy. (ECF No. 2 at 2-5.) She claims that "[t]he medication gave [her] the SJS Syndrome and left [her] permanently handicap[ped] and "took off all the skin to [her] body from head to toe." (*Id.* at 5.) She seeks between $25 million and $90 million in damages. (*Id.* at 6.)

---

[1] While the plaintiff initially filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1), she then paid the filing fee. Thus, the plaintiff's IFP application is denied as moot.

## STANDARD OF REVIEW

A federal court must "liberally construe[]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a *pro se* litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8.

If a *pro se* action is frivolous, a district court may dismiss the action on its own, even if the plaintiff has paid the requisite filing fee. *See* 28 U.S.C. § 1915(e)(2)(B); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quotation marks and alterations omitted).

In addition, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. The Federal Rules of Civil Procedure require the court to "dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed."). Federal subject matter jurisdiction is available only

when a "federal question" is presented, or when the plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

## DISCUSSION

Although the plaintiff names Ascend Laboratories and Alkem Laboratories as defendants in this action, she does not allege any facts against them. She alleges that she was given a pain medication in an emergency room, but does not allege what, if anything, the named defendants did to cause her harm. (ECF No. 2 at 5.) Nor does she provide any details about the location of the emergency room or the date of the alleged incident. (*Id.*)

The plaintiff's sparse allegations do not support a claim arising under federal law. 28 U.S.C. § 1331. Nor does the complaint establish the Court's diversity jurisdiction under 28 U.S.C. § 1332. Although the plaintiff alleges that the parties are residents of different states,[2] her demand for $25 million to $90 million in damages, without more information, is insufficient to show "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("[A] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory amount." (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994))).

Moreover, even when liberally construed, the complaint does not satisfy Federal Rule of Civil Procedure 8, which requires a plaintiff to provide a short, plain statement of his claim against each defendant. *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned,

---

[2] According to the complaint, the plaintiff resides in New York, and Alkem Laboratories and Ascend Laboratories are New Jersey and India corporations, respectively. (ECF No. 2 at 3-4.)

3

the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (internal citations and alterations omitted). A plaintiff must provide enough facts to allow the defendant to understand what the plaintiff is complaining about and whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 556.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because the plaintiff is proceeding *pro se*, I grant her leave to amend her complaint within 30 days from the date of this order. The plaintiff is advised that an amended complaint completely replaces the original complaint, so she must include in the amended complaint all the necessary information to support her claims. She must allege enough facts, so that the Court can determine whether it has subject matter jurisdiction. If the plaintiff is seeking to proceed under the Court's federal question jurisdiction, she must plead facts showing that her complaint depends on the resolution of a substantial question of federal law. If the plaintiff is seeking to proceed under the Court's diversity jurisdiction, she must set forth the citizenship of each plaintiff and each defendant—meaning that she must include the state in which each party is a citizen, and also include the amount in controversy and the basis for seeking that amount. In addition, an amended complaint must provide the defendants with adequate notice of the claims asserted against them, including a description of what each defendant did or did not do and the date and location of each event. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order (22-CV-3401 (AMD) (LB)).

4

Although the plaintiff's application for *pro bono* counsel is denied, she may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 for free, limited-scope legal assistance.

Although the plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
         July 20, 2022