UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                      :

**AISHA WOOTEN**,

                Plaintiff,

                                  **MEMORANDUM DECISION AND ORDER**

      – against –

                                  22-CV-3401 (AMD) (LB)

**ASCEND LABORATORIES LLC**,

                Defendant.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the defendant's motion to dismiss the *pro se* plaintiff's amended complaint under Federal Rules 12(b)(1) and (6) of Civil Procedure for lack of subject matter jurisdiction, failure to state a claim, and because the statute of limitations has expired. For the reasons that follow, I dismiss the amended complaint but give the plaintiff leave to file a second amended complaint within 30 days.

## BACKGROUND

      On May 27, 2022, the plaintiff filed a complaint against "Ascend/Alkem Laboratories," alleging that she "went to the emergency room for pain in [her] arm," and was given "outdated" Ibuprofen from a pharmacy. (ECF No. 2 at 1, 5.) She claimed that "the medication gave [her] the SJS Syndrome," "took off all the skin [from her] body from head to toe" and "left her permanently handicap[ped]." (*Id.* at 5.) She requested between $25 and $90 million in damages. (*Id.* at 6.) I dismissed the complaint on July 20, 2022, for lack of subject matter jurisdiction and for failure to state a claim, but granted the plaintiff leave to amend within 30 days because of her *pro se* status. (ECF No. 11 at 4.) I directed the plaintiff to explain in the amended complaint why she seeks $25 to $90 million, because a demand for that sum, "without more information, is

insufficient to show that 'the matter in controversy exceeds . . . $75,000'"—a requirement for federal subject matter jurisdiction. (*Id.* at 3 (quoting 28 U.S.C. § 1332(a)).) I also instructed the plaintiff to describe "what, if anything, the named defendants did to cause her harm." (*Id.*)

The plaintiff amended her complaint on July 26, 2022, naming only "Ascend Laboratories LLC" as a defendant. (ECF No. 12 at 1.) In the amended complaint, the plaintiff explains that she went to the "Brooklyn Hospital Emergency Room" on May 2, 2019, because she "had pain in [her] arm." (*Id.* at 9.) A doctor prescribed Ibuprofen, which she picked up from a CVS pharmacy. (*Id.*) "Roughly 8–10 days after taking the Ibuprofen," she began experiencing symptoms, which were mild at first but culminated with the skin falling off the plaintiff's entire body, including her face. (*Id.* at 9–10.) She visited different doctors over the course of several months and was eventually diagnosed with a "bad allergic reaction to [a] bacterial toxin drug," which she believes was the result of the "drug [being] old or outdated or [from] a bad batch." (*Id.* at 10 (capitalization altered).) She spent months wrapped in bandages and in severe pain. (*Id.*) Although her skin has grown back, she has many painful scars, "impaired vision" and "nerve and muscle damage." (*Id.* at 7, 10, 12.) The plaintiff claims that she was charged $67,000 for skin grafting and $5,900 to "fix [her] face" but does not otherwise explain her demand for $25 to $90 million. (*Id.* at 11.)

After the plaintiff began to recover, she asked CVS for the name of the manufacturer of the Ibuprofen, and CVS "named Alkem As[c]end." (*Id.* at 12–13.) The plaintiff contacted Ascend, and according to the amended complaint, it "accepted responsibility," promising to compensate the plaintiff for her injuries. (*Id.* at 12 (capitalization altered).) When the plaintiff did not receive a settlement offer, she filed this action.

2

The defendant moved to dismiss the complaint under Federal Rules 12(b)(1) and (6) of Civil Procedure. (ECF No. 16.) The plaintiff responded, with help from the City Bar Justice Center's Federal Pro Se Legal Assistance Project. (ECF No. 23.) In her response, the plaintiff clarifies that Ascend is liable because it "sells ibuprofen" and that her injuries "amount to damages valued at $15 million, based on medical bills, various treatments for her skin, the time spent meeting with doctors and going to the hospital, calls and correspondence with Defendant Ascend, and the tremendous physical and emotional pain." (*Id.* at 3–4.) The plaintiff opposes dismissal; in the alternative, she asks for leave to file a second amended complaint. (*Id.* at 2.) If the Court allows amendment, the plaintiff also seeks to add additional defendants, including the CVS that sold her the Ibuprofen and the medication's manufacturers. (*Id.* at 3–4.) Finally, in an affirmation, the plaintiff gives a more detailed timeline of her injuries, treatment and correspondence with the defendant. (ECF No. 23-1.)

## DISCUSSION

The defendant argues that this Court lacks subject matter jurisdiction over the plaintiff's claim, that the amended complaint fails to state claim against it and that the complaint was filed after the statute of limitations had expired. I address these arguments in turn.

### I. Subject Matter Jurisdiction

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. Subject matter jurisdiction exists when the plaintiff presents a federal question, or when the plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. After some initial confusion,[1] the plaintiff clarified that she seeks to invoke diversity jurisdiction.

---

[1] The plaintiff used a civil rights form to file her amended complaint, suggesting that she seeks federal question jurisdiction. Federal law, however, allows a civil rights action only against federal, state or

3

Complete diversity exists when "all plaintiffs [are] citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir.), *as amended* (Nov. 12, 2014). The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

The defendant contends that the amended complaint falls short on both counts. First, the defendant argues that although the plaintiff provides "a New Jersey address for Ascend," she "makes no allegations or representations as to [its] citizenship for diversity purposes." (ECF No. 16-1 at 15.) Although she does not include it in her complaint, the plaintiff explains in her response that the defendant "is incorporated in New Jersey with its principal place of business in Parsippany, New Jersey." (ECF No. 23 at 3.) *See Nielsen v. Rabin*, 746 F.3d 58, 64 (2d Cir. 2014) (holding that a *pro se* plaintiff's "complaint and his opposition brief" together state a claim for relief). The defendant does not dispute that it is incorporated in New Jersey—or that the plaintiff resides in New York—in the reply brief. The plaintiff thus adequately establishes complete diversity of citizenship.

Second, the defendant argues that the plaintiff has not established that the amount in dispute is at least $75,000. In the amended complaint, the plaintiff requests "25 million – 90 million" dollars, explaining that skin grafting cost her $67,000 and "fix[ing her] face" cost

---

local officials or private persons acting under the collar of law—and the plaintiff alleges no facts to suggest that the defendant fits any of those categories. *See* 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff has since explained that "she mistakenly used the form complaint for civil rights violations" because she "was not aware of the distinctions between the various form Complaints" as a *pro se* litigant and she "does not bring claims for civil rights violations." (ECF No. 23 at 4 n.3.)

4

$5,900.  (ECF No. 12 at 7, 11.)  In her response, the plaintiff values her claim at $15 million "based on medical bills, various treatments for her skin, the time spent meeting with doctors and going to the hospital, calls and correspondence with Defendant Ascend, and the tremendous physical and emotional pain."  (ECF No. 23 at 4.)  The plaintiff does not explain the decrease in valuation.

Courts in this Circuit presume the "element of jurisdictional amount" to be "satisfied" if the plaintiff specifies the amount she seeks in the complaint.  *Coello v. Conagra Foods, Inc.*, No. 15-CV-83, 2015 WL 507580, at *5 (D. Conn. Feb. 6, 2015).  As the Second Circuit has explained, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (finding that plaintiff met the statutory standard for amount in controversy because he could theoretically recover more than $75,000 in punitive damages).  In *Coello*, for example, the court held that the plaintiff adequately pled the jurisdictional amount when she requested $12 million for "grievous physical injuries" and the defendant offered no "proof to the contrary."  2015 WL 507580, at *1 n.1, 5 (alleging first- and second-degree burns, skin grafting, scarring, physical pain and suffering and emotional distress).

Although the plaintiff places different values on her claim in the amended complaint and her response, there is nevertheless a "reasonable probability" that her "claim is in excess of the statutory jurisdictional amount."  *Chase*, 93 F.3d at 1070 (internal quotation marks and citation omitted).  She alleges that her medical bills alone come to at least $72,900.  That is only $2,100 short of $75,000—an amount the plaintiff could easily receive for pain and suffering as a result of her "grievous physical injuries."  *Coello*, 2015 WL 507580, at *5; *see, e.g.*, *Mazyck v. Long*

*Island R.R. Co.*, 896 F. Supp. 1330, 1338 (E.D.N.Y. 1995) (affirming the jury's award of $217,500 for pain and suffering that plaintiff sustained "as a result of severe flesh wounds to his lip and other parts of his body"). Accordingly, the Court likely has subject matter jurisdiction over the plaintiff's claims.

As discussed below, however, the plaintiff does not plead sufficient facts to state a claim against the defendant, so the amended complaint must be dismissed. If the plaintiff files a second amended complaint, she is instructed to (1) clearly state the citizenship of all parties involved in the suit and (2) explain the amount she seeks as well as the basis for calculating that amount.

## II. Failure to State a Claim

The defendant argues that the complaint fails to state a claim, even if read together with the plaintiff's response and the attached affirmation. Federal Rule 8 of Civil Procedure requires a plaintiff to plead sufficient facts that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required—especially in a *pro se* complaint that I construe liberally "to raise the strongest arguments" it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (citation omitted)—a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citation omitted)). "[G]roup pleading" is not allowed. *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036, 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013).

6

Although the plaintiff provides more detail in her amended complaint than she did in the original one, she does not meet this standard.  The plaintiff alleges that an "expired medication from Ascend laboratories resulted in" severe injuries like reduced "mobility in [her] bones," "impaired vision," damage to her veins, "nerve and muscle damage" and her "skin com[ing] off." (ECF No. 12 at 5–7.)  She also describes how her illness progressed and how doctors eventually diagnosed a "bad allergic reaction to [a] bacterial toxin drug." (*Id.* at 9–12.)  However, she does not explain what the defendant did to cause those injuries.  For example, she does not allege contamination, unsafe storage, or that the defendant knew—but did not warn its customers—that its product could cause severe injuries.[2]  As explained in the July 2022 order, it is up to the plaintiff to "descri[be] what each defendant did or did not do and the date and location of each event," so that defendants receive "adequate notice of the claims asserted against them." (ECF No. 11 at 4.)

Nothing in the amended complaint or in the plaintiff's subsequent pleadings explains what the defendant did wrong.  Indeed, the plaintiff's pleadings are contradictory.  In the amended complaint, she claims that she had an allergic reaction because the Ibuprofen was "old or outdated or [from] a bad batch." (*Id.* at 10.)  In the affirmation attached to her response,

---

[2] In New York, "plaintiffs may pursue a recovery based upon . . . (1) strict liability; (2) negligence; (3) express warranty; and (4) implied warranty." *Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 129 (N.D.N.Y. 2022) (citations omitted).  To prove strict liability or negligence, the plaintiff must show (1) a manufacturing defect, meaning the manufacturer made a mistake in manufacturing an otherwise safe product; (2) a design defect, meaning the product's design is unreasonably dangerous for its intended use; or (3) a warning defect, which occurs when the manufacturer, distributor or seller does not disclose reasonably foreseeable injuries that can result from using the product. *Id.* "A successful claim of a breach of express warranty requires proof that an express warranty existed, was breached, and that plaintiff had relied on that warranty." *Id.* at 134 (citations omitted).  Finally, to state a claim for breach of the implied warranty, a plaintiff must show that "the product was defectively designed or manufactured [and that] the defect existed when the manufacturer delivered it to the purchaser or user." *Id.* at 133 (citation omitted).  Whichever theory of liability the plaintiff chooses, she must also show that the product was "the actual and proximate cause of her injury." *Id.* at 129.

7

however, the plaintiff does not claim there was anything wrong with the medication; she explains that she was "[d]irected to stop taking Ibuprofen" no matter where it came from and that Ibuprofen generally "has been associated with drug induced Bullous Pemphigoid." (ECF No. 23-1 at 3.)

Moreover, the plaintiff conflates Ascend and Alkem throughout the complaint. (*See, e.g.*, ECF No. 12 at 9 (stating that the complaint is "against Alkem/Ascend Lab[ora]tories Manufactu[r]ers for Ibu[]profen medicine); *id.* at 10 (attributing her injuries to "taking Alkem/Ascend medication"); *id.* (asserting that the "Alkem medicine [was] deteriorating [her] body").) Ascend and Alkem are separate legal entities. As the plaintiff acknowledges, "Ascend packages, distributes and sells ibuprofen to retailers including [the] CVS" from which the plaintiff picked up her prescription; Alkem is Ascend's parent company. (ECF No. 23 at 5.) By conflating Ascend and Alkem, the plaintiff "fails to give [the] defendant fair notice of the claims against it, and, thus, fails to satisfy . . . the notice-pleading requirements of Rule 8." *Saphirstein v. Mauzone Mania LLC*, No. 15-CV-7264, 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) (citation omitted).

The complaint is therefore dismissed, but I grant the plaintiff a final opportunity to amend her complaint within 30 days. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (instructing district courts to "liberally permit pro se litigants to amend their pleadings" when amendment would not be "futile"). In the second amended complaint, the plaintiff must explain how each defendant caused her harm; it will not be sufficient to group them.

### III.     Timeliness

The defendant also claims that the plaintiff filed her complaint after the statute of limitations expired. Under New York law, a plaintiff must file personal injury actions within

three years of the date on which the plaintiff discovered, or should have discovered, the injury. C.P.L. §§ 214(5), 214-c(2); *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 245 (E.D.N.Y. 2013). The New York Court of Appeals has clarified that the rule refers to "discovery of the physical condition and not . . . the more complex concept of discovery of both the condition and the . . . etiology of that condition." *In re New York Cnty. DES Litig.*, 89 N.Y.2d 506, 514 (1997); *accord Baker v. Stryker Corp.*, 770 F. App'x 12, 14 (2d Cir. 2019). The "party invoking a statute of limitations bears the burden of proof for establishing such an affirmative defense." *In re U.S. Lines, Inc.*, No. 04-CV-6614, 2006 WL 1559237, at *5 (S.D.N.Y. June 7, 2006) (citing *Bano v. Union Carbide Corp.*, 361 F.3d 696, 710 (2d Cir. 2004)). "However, if the defendant demonstrates that the claim is untimely, the burden shifts to the plaintiff to show that it comes within an exception to the time bar." *Id.* (citing *Pompa v. Burroughs Welcome Co.*, 259 A.D.2d 18, 22 (3d Dep't 1999)).

The defendant argues that the plaintiff's claim accrued on May 12, 2019 at the latest, so she needed to file this action by May 12, 2022. (*See* ECF No. 12 at 22 (explaining that the plaintiff took the Ibuprofen on May 2, 2019 and began experiencing the symptoms "within the next eight-to-ten days").) Because the plaintiff filed on May 27, 2022, the defendant contends that her complaint was not timely.

The New York Court of Appeals has recognized, however, that "there may be situations in which the claimant may experience early symptoms that are too isolated or inconsequential to trigger the running of the Statute of Limitations under CPLR 214–c(2)." *New York Cnty. DES Litig.*, 89 N.Y.2d at 514 n.4. And the relevant point in time is "when the injured party discovers the *primary* condition on which the claim is based." *Id.* at 509 (emphasis added); *see also Neri v. R.J. Reynolds Tobacco Co.*, 185 F. Supp. 2d 176, 180 (N.D.N.Y. 2001) ("What is at issue is

9

whether these symptoms were significant enough to put [plaintiff] on notice of the injury that forms the basis of his claims."); *Cochrane v. A C & S, Inc.*, No. 92-CV-8841, 1998 WL 642719, at *3 (S.D.N.Y. Sept. 18, 1998) ("the limitations period begins to run" "[o]nce recognizable symptoms of a condition are sufficiently present").

      In the affirmation attached to the plaintiff's response, she explains that she experienced only mild symptoms in the first month after taking the Ibuprofen: fatigue, weakness and itchiness. (ECF No. 23-1 at 1.) The first serious symptom—"crystal-like bumps" and "a burning sensation"—did not appear until June 1, 2019, and her skin did not begin to fall off until January 10, 2020. (*Id.* at 1–3.) The "primary condition" on which the plaintiff bases her claim is not itchiness and fatigue, but severe skin damage that required skin grafting. *Neri*, 185 F. Supp. 2d at 180. She therefore had until at least June 1, 2022 to file this action, making her May 27, 2022 filing timely. *See Grill v. Philip Morris USA, Inc.*, 653 F. Supp. 2d 481, 486–87 (S.D.N.Y. 2009) (finding an initial chest lesion inconsequential for purposes of the timeliness analysis, because "the lesion was unaccompanied by coughing or shortness of breath and was consistent with pneumonia" rather than cancer).

      The defendant may renew its timeliness defense later in the litigation if it can demonstrate that the plaintiff's timeline is inaccurate. *See Vasquez v. Molto Bene Bellmore, Inc.*, No. 18-CV-3681, 2022 WL 3704630, at *9 (E.D.N.Y. Aug. 26, 2022) (declining "to determine whether Plaintiffs' claims are barred by the statute of limitations until more facts are available to make this determination"); *Canon U.S.A., Inc. v. Calvin's Bus. Sols., Inc.*, 208 F. Supp. 3d 494, 501 (E.D.N.Y. 2016) ("Because a statute of limitations defense can be highly fact dependent, 'a motion to dismiss is often not the appropriate stage to raise affirmative defenses like the statute

10

of limitations.'" (brackets omitted) (quoting *Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010))).

## IV. Additional Defendants

The plaintiff seeks leave to amend her complaint to add the following defendants: Granules India, Ltd., a manufacturing company; Granules USA and Granules Pharmaceuticals Inc., American subsidiaries of Granules India; Alkem Laboratories, Ltd., the parent corporation of the current defendant, Ascend; and CVS Health, the pharmacy that sold the Ibuprofen to the plaintiff. (ECF No. 23 at 3–4.)

As discussed above, the plaintiff began experiencing serious symptoms between June 1, 2019 (bumps and a burning sensation) and January 10, 2020 (skin falling off), meaning that the statute of limitations expired on January 10, 2023 at the latest. "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Amending the complaint to add additional allegations against the current defendant presents little difficulty as long as the second amended complaint "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Adding new defendants is not so easy. Under Rule 15(c)(1)(C), the amendment will relate back only if (1) it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" (2) the new defendants "received such notice of the action that [they] will not be prejudiced in defending on the merits;" (3) those parties "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity" and (4) the second and third elements were

11

satisfied within ninety days of the filing of the timely complaint.  *See* Fed. R. Civ. P. 15(c)(1)(B)–(C); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  The plaintiff must plead sufficient facts in the second amended complaint to demonstrate that these four elements are satisfied as to each new defendant she wishes to add.  If the plaintiff does not do so, the new defendants may file motions to dismiss pursuant to New York's statute of limitations.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim.  The plaintiff may file a second amended complaint within 30 days.  The second amended complaint will completely replace the original and the first amended complaints, so the plaintiff must include all the necessary information to support her allegations in the second amended complaint.  That includes information about the citizenship of all the parties and the amount in controversy.  With regard to the amount in controversy, the plaintiff must explain the sum she seeks to recover and how she arrived at that sum—how much of that amount is for medical bills, lost wages, pain and suffering, etc.  The plaintiff must also allege enough facts to state a claim.  As explained above, she must describe what each of the defendants did to harm her.  Finally, if the plaintiff adds additional defendants, she must explain why the second amended complaint relates back to a timely complaint under Federal Rule 15(c)(C) of Civil Procedure.

The amended complaint must be captioned "Second Amended Complaint" and bear the same docket number as this order: 22-CV-3401 (AMD) (LB).  If the plaintiff does not file an amended complaint within 30 days, judgment dismissing this action will be entered.

The Clerk is respectfully directed to enter judgment in favor of the defendant. Although the plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                              s/Ann M. Donnelly
                                                           ANN M. DONNELLY
                                                           United States District Judge

Dated: Brooklyn, New York
       February 1, 2023